Stephen I. Leshner (SBN 004754)
**STEPHEN I. LESHNER, P.C.**
1440 East Missouri Avenue, Suite 265
Phoenix, AZ 85014
SBN 004754
Fax: 602.266.9134
steve@steveleshner.com
Tel.  (602) 266-9000
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levi Lockwood, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>R & M Towing, LLC,<br><br>Defendant. | Case No. _____<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND |

COMES NOW Plaintiff, Levi Lockwood, by and through his attorneys of record, and hereby brings this Collective Action against Defendant, R & M Towing, LLC, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA"):

## INTRODUCTION

1. This is a collective action brought by Plaintiff individually and on behalf of all similarly situated current and/or former Private Property Impound Tow Truck Drivers, and/or other job titles completing the same or similar job duties for Defendant (collectively, "Drivers"), to recover for Defendant's willful violations of the FLSA and other applicable rules, regulations, statutes, and ordinances.

2. Plaintiff, and those similarly situated, were subjected to Defendant's policy

and practice of failing to properly compensate its Drivers for minimum wages and overtime premiums as required pursuant to the FLSA because of Defendant's illegal misclassification scheme whereby its Drivers were considered independent contractors when in fact they were actually employees.

3. Plaintiff seeks a declaration that his rights and the rights of the putative FLSA Class were violated and, seeks to recover an award of unpaid minimum wages and overtime premiums, liquidated damages, penalties, injunctive and declaratory relief, attorneys' fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA, 29 U.S.C. §§ 201, *et seq.*

5. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suits under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

6. Upon information and belief, Defendant's annual sales exceed $500,000 and they have more than two employees, so the FLSA applies in this case on an enterprise basis. *See* 29 U.S.C. § 203(s)(1)(A).

7. This Court has personal jurisdiction over Defendant because it conducts business within the State of Arizona.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides within this District, conducts substantial business within this District, and because a substantial portion of the events that give rise to the claims pled in this Complaint occurred in this District.

# PARTIES

9. Plaintiff Levi Lockwood is an individual who resides in the County of Maricopa, City of Phoenix, Arizona. Lockwood was employed by Defendant as a Driver in April 2019. Lockwood executed his Consent to Sue form, which is attached hereto as Exhibit A.

10. Defendant R & M Towing, LLC is located at 3740 W. Buckeye Rd., Phoenix, AZ 85009-5400.

11. Defendant specializes in "PPI Towing" in the "Phoenix Metro Area" at various locations such as "Apartment Buildings * Store Fronts * Restaurants * Vacant Buildings * Contract w/Security Companies."[1]

12. Upon information and belief, Defendant is not registered with the Arizona Secretary of State but can be served through its Principal Manager and CEO, Michael Porter, located at 3740 W. Buckeye Rd., Phoenix, AZ 85009-5400.

# GENERAL ALLEGATIONS

13. Plaintiff was employed by Defendant as a Tow Truck Driver at its Phoenix, Arizona location.

14. As part of its business practices and policies, Defendant misclassifies its Tow Truck Drivers as independent contractors.

15. Defendant's Tow Truck Drivers perform similar job duties and were all subjected to Defendant's policy of misclassifying them as independent contractors to avoid paying them minimum wages, in addition to overtime wages at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per workweek.

16. As part of Plaintiff's employment, Plaintiff was given a "Confidentiality and Noncompetition Agreement" and "Employee Confidentiality Agreement." See *Confidentiality Agreement*, attached hereto as Exhibit B. These documents label Plaintiff an "Employee."

---

[1] *See* http://rmtowing.com/ (last visited, July 24, 2019).

17. After Plaintiff was hired by Defendant, Plaintiff was required to complete a "New Hire Information" form listing his personal information and noting an emergency contact. This form, created by Defendant, lists Plaintiff as an "Employee." *See R & M Towing New Hire Information*, attached hereto as Exhibit C.

18. Defendant's website notes its Tow Truck Drivers are Employees by stating:

> Parking Problems are a big issue now a days and we know how stressful it is when people don't follow the regulations and that's were [sic] we come in. We will handle all your problems formally and professionally. *All of our employees are trained and certified as well as kind and courteous.* R & M Towing your problems solved in one call.

*See* http://rmtowing.com/ (last visited, July 24, 2019) (emphasis supplied).

19. Plaintiff, throughout the course of his employment, was directed by Defendant and their agents to perform work, were allowed to work, and did work in excess of 40 hours per week. *See Exemplar Schedule*, attached hereto as Exhibit D (noting Plaintiff was required to work "6 - 6,"—12 hours per day—5 days a week).

20. Rather than paying its Tow Truck Drivers minimum wages and overtime premiums, Defendant misclassified Plaintiff, and all other Tow Truck Drivers, as independent contractors while paying them set rates for different types of tows. *See Driver Pay Rate*, attached hereto as Exhibit E.

21. Upon information and belief, if Plaintiff worked an entire 12-hour shift and had no tows for the day, Plaintiff would not receive any wages for that day.

22. At all times relevant, Plaintiff drove a tow truck owned by Defendant, with R & M Towing, L.L.C. logos on either side of the truck. *See Tow Truck Image*, attached hereto as Exhibit F.

23. At all times relevant, Plaintiff was required to wear a uniform shirt that contained Defendant's R&M Towing L.L.C. logo on the front.

24. Plaintiff's pay stubs only list "1099 Misc" earnings. *See Exemplar Pay Stubs*,

4

attached hereto as Exhibit G.

25. Defendant knew, or should have known, that the provisions of the FLSA, 29 U.S.C. § 207, require Defendant to compensate non-exempt employees who work in excess of 40 hours in a workweek at a rate of one and one-half times their regular rate of pay as required under the FLSA.

26. Defendant knew, or should have known, that the provisions of the FLSA, 29 U.S.C. § 206, require Defendants to compensate employees a mandated minimum wage of $7.25 per hour.

27. Contrary to the above statutory requirements, Defendant adopted a policy and practice of failing to pay its employees the required minimum wage of $7.25, and overtime wages at a rate of one and one-half times their regular rate for hours worked in excess of 40 hours during a workweek.

28. Defendant willfully violated the FLSA by knowingly failing to compensate Plaintiff the required minimum wage, in addition to overtime wages for the hours worked in excess of 40 hours per week according to the terms of the FLSA, 29 U.S.C. § 201, *et seq*.

29. In reckless disregard of the FLSA, Defendant adopted and then adhered to its policy, plan, or practice of employing Plaintiff, and all other current and/or former Tow Truck Drivers, to work more than 40 hours per workweek without receiving minimum wages and/or overtime premiums. This illegal policy, plan, or practice resulted in Plaintiff, and all other current and/or former Tow Truck Drivers, not being paid correctly in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b) individually and on behalf of:

> *All current and former Tow Truck Drivers, and/or other job titles completing the same or similar job duties, who worked*

*for R&M Towing L.L.C. at any time in the last three years.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

31. *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*: With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), Defendant's Tow Truck Drivers are "similarly situated" to Plaintiff. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendant's illegal misclassification scheme and its practice, policy, or plan of not paying their Tow Truck Drivers minimum wages and/or overtime premiums for hours worked in excess of 40 hours per workweek at a rate of at least one and one-half times their regular rate of pay); (c) their claims are based upon the same legal theories; and (d) the employment relationship between Defendant and every putative FLSA Collective member is exactly the same.

32. Upon information and belief, Plaintiff estimates that the FLSA Collective, including both current and former Tow Truck Drivers over the relevant period, will include more than fifty (50) individuals who would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the FLSA Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

33. Plaintiff shares the same interests as the FLSA Collective in that the outcome of this action will determine whether they are entitled to unpaid minimum wage, overtime compensation, interest, and attorneys' fees and costs owed under the FLSA. Because the facts in this case are similar, if not altogether identical, the factual

assessment and legal standards lend themselves to a collective action.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* FAILURE TO PAY MINIMUM WAGES

34. Plaintiff re-alleges and incorporate all previous paragraphs herein.

35. At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*

36. At all times relevant to this action, Plaintiff was "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

37. The job of Tow Truck Driver is not exempt from the FLSA.

38. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

39. The FLSA requires an employer to pay employees the federally mandated minimum wage. 29 U.S.C. § 206.

40. Defendants violated the FLSA by failing to pay its Tow Truck Drivers federally mandated minimum wage.

41. Upon information and belief, Defendant has corporate policies of avoiding minimum wage for Tow Truck Drivers. To execute this policy, Defendant misclassifies its Tow Truck Drivers as independent contractors while requiring them to work without being paid a minimum wage of at least $7.25 per hour.

42. Defendant's violations of the FLSA were knowing and willful.

43. By failing to compensate Plaintiffs at the federally mandated minimum wage, Defendant violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 206(a)(1) and 215(a). All similarly situated employees are victims of a uniform and company-wide enterprise which operates to compensate employees at a rate less than the federally mandated minimum wage. This uniform policy, in violation of the FLSA, has been, and continues to be applied to all Tow Truck Drivers who worked or are working for

Defendant in the same or similar position as Plaintiff.

44. The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

45. The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## COUNT II

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* FAILURE TO PAY OVERTIME WAGES

46. Plaintiff re-alleges and incorporate all previous paragraphs herein.

47. At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*

48. At all times relevant to this action, Plaintiff was "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

49. The job of Tow Truck Driver is not exempt from the FLSA.

50. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

51. The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207.

52. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium for all hours worked in excess of 40 hours per workweek.

53. Upon information and belief, Defendant has corporate policies of avoiding overtime pay for hourly workers. To execute this policy, Defendant misclassifies its Tow Truck Drivers as independent contractors while requiring them to work in excess of 40 hours per week without overtime pay.

8

54. Defendant's violations of the FLSA were knowing and willful.

55. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty hours in a workweek, Defendant violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a). All similarly situated Tow Truck Drivers are victims of a uniform and company-wide enterprise which operates to compensate them at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all current and/or former Tow Truck Drivers of Defendant.

56. The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

B. An Order compelling Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, and email addresses of all individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the putative FLSA Collective members of their rights under this litigation;

C. An Order declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

D. An Order declaring that Defendant violated its obligations under the FLSA;

E. An Order granting judgment in favor of Plaintiff and the FLSA Collective and against Defendant and awarding the amount of unpaid minimum wages, in addition to overtime pay calculated at the rate of one and one-half (1.5) of the Tow Truck Drivers' regular rate multiplied by all hours that the Tow Truck Drivers worked in excess of 40 hours per week for the past three years;

9

F. An Order awarding liquidated damages to Plaintiff and the FLSA Collective in an amount equal to the amount of unpaid minimum wages and overtime found owing to Plaintiff and the FLSA Collective under the FLSA;

G. An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

H. An Order awarding pre- and post-judgment interest to Plaintiff and the FLSA Collective on these damages; and

I. An Order awarding such further relief as this Court deems appropriate.

## JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys of record, and hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: July 25, 2019

RESPECTFULLY SUBMITTED,

s/ *Stephen I. Leshner*

Stephen I. Leshner
1440 East Missouri Ave, Suite 265
Phoenix, AZ 85014
Tel.   (602) 266-9000
Attorney for Plaintiff
Local Counsel

Jacob R. Rusch (MN Bar No. 0391892)
JOHNSON BECKER, PLLC444 Cedar Street, Suite 1800
Saint Paul, MN 55101
T: 612-436-1800
F: 612-436-1801
E: jrusch@johnsonbecker.com