Joshua R. Woodard (015592)
Benjamin A. Nucci (031312)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: jwoodard@swlaw.com
        bnucci@swlaw.com
*Attorneys for Defendant R & M Towing, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Levi Lockwood, individually and on behalf of all similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>R & M Towing, LLC,<br><br>    Defendant. | No. 2:19-cv-04812-SPL<br><br>**JOINT MOTION FOR APPROVAL OF PROPOSED FLSA SETTLEMENT AND SUPPORTING MEMORANDUM** |
|---|---|

Plaintiff Levi Lockwood ("Lockwood" or "Plaintiff") and Defendant R & M Towing, LLC ("R & M" or "Defendant") (collectively referred to herein as the "Parties") jointly ask this Court to approve the Parties' proposed settlement set forth in the Settlement Agreement and Release attached as Exhibit 1 (the "Settlement Agreement") and enter the proposed Order, filed concurrently herewith.

**I.**    **PRELIMINARY STATEMENT**

Plaintiff filed a collective action under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 (the "FLSA") on behalf of himself and others similarly situated. Plaintiff alleged that Defendant violated the FLSA by failing to pay minimum wage and overtime wages. Defendant denies those allegations and denies that it owes Plaintiff, or others, any compensation.

On May 5, 2020, the Court granted the Parties' Stipulation Regarding Conditional FLSA Collective Certification and to Authorize Notice to Similarly Situated Persons. *See*

4845-2809-3382

Dkt. 29. The conditional opt-in class was comprised of all current and former tow truck drivers who worked for Defendant at any time since July 25, 2016 to the present ("Drivers"). *Id.* Defendant promptly disclosed the contact information of the Drivers and Plaintiff timely mailed notices out to the Drivers, per the terms of the Order. No Drivers opted into the action by the deadline.

The Parties negotiated a resolution of the dispute contingent upon a finding by the Court that it approves the settlement as a fair and equitable resolution of this action. As explained further below, the settlement of an FLSA case requires court approval or the approval of the U.S. Department of Labor. Here, there is no pending matter before the Department of Labor; consequently, the Parties respectfully seek this Court's approval. The Parties request that the Court approve their settlement, as set forth more fully in the Settlement Agreement.

## II. DISCUSSION

### A. Court Approval is Required.

Employees cannot waive claims for unpaid wages under the FLSA. To ensure that the employer is relieved of liability in the context of a negotiated settlement agreement, the settlement of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See* 29 U.S.C. § 216(c); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). If a settlement reflects a "reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute," the District Court may approve the settlement in order to "promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc*, 679 F.2d at 1354. Such settlements must be fair. *Id.* at 1353.[1]

---

[1] The seminal case on the settlement of FLSA cases is *Lynn's Food Stores* from the Eleventh Circuit. The Ninth Circuit has not ruled directly on this issue, but the United States District Court for the District of Arizona has cited *Lynn's Food Stores* with approval. *See Seminiano v. Xyris Enter., Inc.,* 602 Fed. App'x. 682, 683 (9th Cir. 2015) ("FLSA claims may not be settled without approval of either the Secretary of Labor or a district court."); *Villarreal v. Caremark LLC,* CV-14-00652-PHX-DJH, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016) ("[I]n a FLSA case or class action, the parties must seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair.")

4845-2809-3382

In the Ninth Circuit, courts determine whether a class action settlement is fundamentally fair, adequate, and reasonable by looking at the settlement as a whole. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The issue is not whether the settlement could have been better in some fashion, but "whether it is fair, adequate and free from collusion." *Id.* at 1027. Further, it is important to consider the policy purposes of the FLSA in determining whether the settlement is fair. *See Goudie v. Cable Commc'ns, Inc.,* No. CV 08–507–AC, 2009 WL 88336, *1 (D.Or. Jan. 12, 2009) ("In reviewing a private FLSA settlement, the court's obligation is not to act as caretaker but as gatekeeper; it must ensure that private FLSA settlements are appropriate given the FLSA's purposes and that such settlements do not undermine the Act's purposes.").

In reviewing the totality of the circumstances of an FLSA settlement, the court may consider some or all of the following case-specific factors: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings. *Linney v. Cellular Alaska Partnership,* 151 F.3d 1234, 1242 (9th Cir. 1998).

As shown below, a review of the relevant factors as to this FLSA settlement supports this Court's approval of the proposed settlement.

**B. The Parties' Settlement Agreement is Fair.**

The Settlement Agreement represents a fair and equitable resolution of this matter given the facts and legal issues of this case. Although filed as a collective action for a three-year period, no Drivers opted into the matter and the case remains a single-plaintiff action. In addition, Plaintiff was engaged by Defendant only for a period of two weeks in 2019. While the Parties genuinely disagree as to whether Plaintiff was not paid as alleged, or the actual number of hours he was allegedly not paid, they agree that any potential damages are minimal.

As such, the Parties negotiated a settlement of Plaintiff's Complaint which considers the minimal value of the case and the disputed nature of Plaintiff's wage claim. Plaintiff and Counsel carefully assessed the probability of ultimate success on the merits, vis-a-vis

4845-2809-3382

the risks of establishing liability and damages and negotiated the settlement on that basis. The end result is a settlement that compensates Plaintiff 100% of his total potential damages were he to continue litigating this case through trial. However, litigating this action through trial would be expensive and time-consuming, and the Court or jury may determine Plaintiff's damages are $0. Additionally, Defendant intends to move for summary judgment before any potential trial, which could easily extend the litigation many months. The fact that the settlement, if approved and becomes effective, will eliminate such expenses, delays and uncertainties, favors its approval. *See Officers for Justice v. Civil Serv. Com'n of City and County of San Francisco ("Officers for Justice")*, 688 F.2d 615, 629 (9th Cir. 1982) (finding that the immediate and tangible benefits from the settlement outweighed any speculative judgment that may be obtained after trial and appeal).

Importantly, the amount offered in settlement provides Plaintiff with the type of relief intended under the FLSA and sought in this litigation: compensation for alleged unpaid overtime and their court costs and attorneys' fees in bringing this lawsuit. And, the settlement payments directly relate to each Plaintiff's length of employment and hourly wage. *See Barrera v. US Airways Group Inc.,* No. CV-12-02278-PHX-BSB, 2014 WL 12639342, at *2 (D. Ariz. May 23, 2014); *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litig.,* No. CV-09-1409-PHX-DGC, 2009 WL 3253947, at *2 (D. Ariz. Oct. 8, 2009.) Accordingly, the settlement is fair and reasonable because, if approved, Plaintiff will have recovered the relief he sought through this lawsuit.

The extent of discovery and stage of the proceedings further support approval of the proposed settlement. *Linney*, 151 F.3d at 1242. Prior to conditional certification, the Parties engaged in discovery and Defendant disclosed sample time sheets for 25% of the Drivers over the three-year period. In addition, Defendant disclosed documents evidencing jobs Plaintiff undertook in the two weeks he was engaged. Consequently, the Parties had a solid base of information upon which to negotiate this settlement.

Moreover, the Parties agree that the Settlement Agreement represents a fair and equitable resolution of this matter given the facts and legal issues of this case. This

4845-2809-3382

- 4 -

settlement releases all claims between Defendants and Plaintiff arising out of the allegations/claims raised in Plaintiff's Complaint in this action, any and all claims under the FLSA. The Settlement Agreement is the product of many discussions between counsel and reflects an arms-length negotiation of a difficult dispute. Because this release provision generally tracks the wage and hour claims asserted in the lawsuit, the scope of the release does not weigh against the settlement being fair and reasonable. *See Selk v. Pioneers Memorial Healthcare District*, 159 F.Supp.3d 1164, 1178 (S.D. Cal. 2016).

## III. CONCLUSION

The Parties respectfully request that the Court approves the Settlement Agreement as a fair and equitable resolution of this action and enter the proposed Order, filed concurrently herewith.

RESPECTFULLY SUBMITTED this 16th day of September 2020.

SNELL & WILMER L.L.P.

By: *s/ Benjamin A. Nucci*
Joshua R. Woodard
Benjamin A. Nucci
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

*Attorneys for Defendant R & M Towing, LLC*

JOHNSON BECKER, PLLC

By: *s/ Jacob R. Rusch (with permission)*
Jacob R. Rusch (MN Bar No. 0391892)
444 Cedar Street, St. 1800
St. Paul, MN 55101

Stephen I. Leshner
STEPHEN I. LESHNER, P.C.
1440 E. Missouri Ave., Ste. 265
Phoenix, AZ 85014

*Attorneys for Plaintiff Levi Lockwood*

4845-2809-3382

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 16th day of September 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and by email and/or U.S. First Class Mail if non-registrants:

Stephen I, Leshner
STEPHEN I. LESHNER, P.C.
1440 E. Missouri Ave., Ste. 265
Phoenix, AZ 85014
steve@steveleshner.com

Jacob R. Rusch
JOHNSON BECKER, PLLC
444 Cedar Street, Ste. 1800
Saint Paul, MN 55101
jrusch@johnsonbecker.com

*Attorneys for Plaintiff*

*s/ Laura Fromm*

4845-2809-3382