**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levi Lockwood,<br><br>            Plaintiff,<br>vs.<br><br>R&M Towing LLC<br><br>           Defendant. | No. CV-19-04812-PHX-SPL<br><br>**ORDER** |

**I.   BACKGROUND**

On July 25, 2019, Plaintiff filed a collective action against Defendant under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 (the "FLSA") on behalf of himself and others similarly situated. (Doc. 1). On May 5, 2020, this Court granted the parties Stipulation Regarding Conditional FLSA Collective Certification. (Docs. 27 & 29). Before the Court is the parties' Joint Motion for Approval of Proposed FLSA Settlement. (Doc. 31). The parties set forth the terms and conditions of their settlement in their Settlement Agreement and Full Release and Waiver of All Claims, attached to the Joint Motion for Approval as Exhibit 1 (the "Settlement Agreement").

**II.   LEGAL STANDARD**

This is not a traditional class action settlement subject to Rule 23 and the process of preliminary approval followed by a final fairness hearing. Instead, Plaintiff brought a *collective* action alleging violations of the FLSA by Defendant and the Court must review

the settlement agreement under the appropriate standard.[1] An FLSA collective action differs from a class action in that participants affirmatively choose to be bound by the settlement agreement and there are no absent class members whose claims are being settled because such absent class members are not bound by the case's outcome. *See, e.g.*, *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Maguire v. Trans World Airlines, Inc.*, 55 F.R.D. 48, 49 (S.D.N.Y. 1972).

Although the Ninth Circuit Court of Appeals has not specifically addressed the procedure to settle FLSA claims, district courts throughout the Ninth Circuit have followed the lead of the seminal case of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *Juvera v. Salcido*, No. CV-11-2119-PHX-LOA, 2013 WL 6628039, at *7–8 (D. Ariz. 2013); *see also McKeen–Chaplin v. Franklin American Mortg. Co.*, No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012). In *Lynn's*, the Eleventh Circuit held:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

---

[1] It should be noted that, although this Court approved the parties' stipulation regarding conditional FLSA collective certification, no members of the purported class opted into the action by the deadline (Doc. 31 at 2), and so the terms of the Settlement Agreement will bind Plaintiff only. Nonetheless, the standard for collective actions will guide this Court's analysis of whether the settlement is fair and reasonable.

679 F.2d at 1352–53 (footnotes omitted). When parties seek approval of a FLSA settlement, a district court may approve the settlement if it reflects a "reasonable compromise over issues." *Lopez v. Arizona Public Service Co.*, No. CV 08-1843-PHX-JAT, 2010 WL 1403873, at *1 (D. Ariz. Jan. 27, 2010) (quoting *Lynn's*, 679 F.2d at 1354). "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages . . . the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Khanna v. Inter–Con Sec. Systems, Inc.*, No. CIV S-09-2214 KJM GGH, 2012 WL 4465558, at *10 (E.D. Cal. Sept. 25, 2012) (citation and internal quotation marks omitted). The Court should therefore approve a fair and reasonable settlement if it was reached as an arm's length resolution of contested litigation to resolve a *bona fide* dispute under the FLSA. *Lynn's*, 679 F.2d at 1352–54.

## III.    ANALYSIS

### A. *Bona Fide* Dispute

In an FLSA collective action settlement, a *bona fide* dispute exists when there are legitimate questions about "the existence and extent of Defendant's FLSA liability." *Ambrosino v. Home Depot. U.S.A., Inc.*, No. 11cv1319 L(MDD), 2014 WL 1671489, *1 (S.D. Cal. Apr. 28, 2014). There must be "some doubt . . . that the plaintiffs would succeed on the merits through litigation of their [FLSA] claims." *Collins v. Sanderson Farms*, 568 F.Supp.2d 714, 719–20 (E.D. La. 2008); *see also Mamani v. Licetti*, No. 13–CV–7002 (KMW)(JCF), 2014 WL 2971050, *2 (S.D.N.Y. July 2, 2014) (explaining that to demonstrate a *bona fide* dispute under the FLSA "[t]he employer *should* articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee *must* articulate the reasons justifying his entitlement to the disputed wages" (internal citation omitted) (emphasis added)).

Here, because this case has not progressed far, evidence of a *bona fide* dispute between the parties lies in the initial Complaint and Answer and any exhibits attached thereto. For example, in the Complaint Plaintiff asserts that he was directed by Defendant to work, and did work, in excess of 40 hours per week. (Doc. 1 at 4). In support, Plaintiff provides an

Exemplar Schedule, which shows he was required to work from 6:00am to 6:00pm, five days a week. (Doc. 1-1. Ex. D). Plaintiff further asserts that he is an employee, not an independent contractor, and provides a photo of the truck he drove that bore Defendant's company logo. (Doc. 1-1. Ex. F). Defendant denies these and all substantive allegations. *See* Doc. 10 at 2-3 (denying allegations in the Complaint regarding Plaintiff's employment status, Defendant's policy of misclassifying employees as independent contractors, that Plaintiff worked in excess of 40 hours per week, Plaintiff's uniform, and how Plaintiff's earnings are classified on his pay stubs); *see also See also Hand v. Dionex Corp.*, No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007) (finding a *bona fide* dispute where "Defendant strongly contested liability under the FLSA; claiming the Plaintiffs were exempt employees."); *McKeen-Chaplin*, , 2012 WL 6629608, at *2 ("This case involves disputed issues of FLSA coverage and potential liability, which constitutes a bona fide dispute."). The Court finds that a *bona fide* dispute exists, and it would be resolved by the proposed Settlement Agreement.

### B. Fair and Reasonable

Having found a *bona fide* dispute, a district court may approve an FLSA settlement if the proposed settlement reflects "a reasonable compromise over [disputed] issues." *Lynn's*, 679 F.2d at 1354. "There are, however, no agreed upon factors to consider in evaluating a proposed FLSA settlement." *Almodova v. City and County of Honolulu*, No. 07-00378-DAE-LEK, 2010 WL 1372298, at *4 (D. Haw. Mar. 31, 2010). Courts consider various factors including, but not limited to, the strength of the plaintiff's case, the amount offered in settlement, and the scope of any release provision in the agreement. *See id.*; *see also Beidleman v. City of Modesto*, No. 1:16-CV-01100-DAD-SKO, 2018 WL 1305713, at *3 (E.D. Cal. Mar. 13, 2018) (explaining the "totality of the circumstances" analysis for FLSA settlements and analyzing factors).

Here, Plaintiff's total recovery under the Settlement Agreement is $1,500. (Doc. 31-1 at 3). This number represents $238 in alleged damages (reflecting "compensation for alleged unpaid overtime"), $886.78 in costs, and $375.22 in attorneys' fees. (Doc. 31-1

at 3; doc. 31 at 4). These amounts represent, according to the parties, the maximum amount Plaintiff would recover if Plaintiff prevailed in the lawsuit on the merits (plus related expenses). (Doc. 31 at 4). The amounts were calculated based on Defendant's sample time sheets and "documents evidencing jobs Plaintiff undertook in the two weeks he was engaged." (*Id.*).

The Court finds the wages amount reasonable based on the provided evidence. While some evidence of wages owed is provided, Plaintiff would have difficulty establishing the exact hours he worked (seeing as the only evidence provided is a handwritten "office schedule" showing general hours that Defendant allegedly *required* him to work). *See Baker v. D.A.R.A. II, Inc.*, No. CV-06-2887-PHX-LOA, 2008 WL 11339635, at *1 (D. Ariz. Oct. 27, 2008) (finding settlement amount reasonable where "even if Defendants conceded liability, Plaintiff would have faced difficulty establishing the number of hours she worked"). Furthermore, Plaintiff would have difficulty rebutting Defendant's assertion that "[a]ny wages purportedly owed to Plaintiff are subject to allowable deductions or set-off." (Doc. 10 at 6); *see also Beidleman*, 2018 WL 1305713, at *4 (explaining that "[c]ourts favor settlement where there is a significant risk that the litigation might result in a lesser recovery for the class" and finding settlement reasonable because "defendant could assert offsets and credits from the way that it calculated overtime, which was more favorable than required by the FLSA, thus reducing plaintiffs' recovery").

Additionally, the General Release provision in the settlement is reasonable in that it only releases Defendant from "all actions, claims, damages, expenses, or costs of whatever nature up through the Effective Date" and defines the Effective Date as the date this Court approves the settlement and dismisses the action. (Doc. 31-1, Ex. 1, at 3-4); *see also Slezak v. City of Palo Alto*, No. 16-CV-03224-LHK, 2017 WL 2688224, at *4 (N.D. Cal. June 22, 2017) ("A FLSA release should not go beyond the specific FLSA claims at issue in the lawsuit itself."); *Beidleman*, 2018 WL 1305713, at *5 (approving FLSA settlement with a release provision limited to claims "arising in, or in connection with, or out of the litigation"). And a reasonable settlement at this time would benefit Plaintiff "with an

immediate recovery, rather than enduring the risks, uncertainty, and delays of continued litigation." *See Fontes v. Drywood Plus, Inc.*, No. CV-13-1901-PHX-LOA, 2013 WL 6228652, at *8 (D. Ariz. Dec. 2, 2013).

### IV.     CONCLUSION

The Court finds that the provided documentation illustrates that there exists a *bona fide* dispute between the parties regarding Plaintiff's entitlement to overtime pay. Furthermore, having reviewed the proposed Settlement Agreement, the Court finds that it reflects a fair and reasonable resolution of issues given the strength of Plaintiff's case, the scope of the release provision in the Agreement, and the amount offered in the settlement.

Having determined that the Settlement Agreement represents a fair and reasonable compromise of a *bona fide* dispute under the FLSA,

**IT IS ORDERED:**

1.     That the parties' Joint Motion for Approval of Proposed FLSA Settlement (Doc. 31) is **granted**;

2.     That this action is **dismissed with prejudice**, with each party to bear its own attorneys' fees, costs, and expenses, except as expressly provided in the Settlement Agreement (Doc. 31-1, Ex. 1); and

3.     That the Clerk of Court shall **terminate** this case and enter judgment accordingly.

Dated this 24th day of September, 2020.

Honorable Steven P. Logan
United States District Judge